MARCIA S. JEWETT *vs.* CHARLES RICKER.

Somerset. Decided July 26, 1878.

The plaintiff deeded certain premises, "reserving the right of flowage as now flowed by Ricker's dam, and the yearly payments as I have heretofore received them." *Held:* 1, that this was a valid reservation; 2, that the plaintiff might recover the yearly payment against the occupant of the Ricker dam on his parol promise to pay the same.

ON EXCEPTIONS.

ASSUMPSIT on a parol promise, to recover compensation for the flowing, by the defendant's dam, of the plaintiff's interest in certain land, from March 12, 1872, to date of writ, September 7, 1876, at $25 per year.

The declaration also contained a count for money had and received to cover three years of the same time, when the mill was occupied by Frank Ricker, the brother of the defendant, on the 'ground that the defendant had agreed with Frank to assume and pay the debts, and received money or its equivalent therefor.

The plea was, never promised, with a brief statement that the defendant did not own the flowage nor the land flowed.

The plaintiff, November 23, 1863, mortgaged the land to Henry S. Jewett. There was evidence of the foreclosure of the mortgage, and of a sheriff's sale of her right of redemption, December 5, 1870. On April 13, 1872, there was a record in the registry that " this mortgage is fully discharged and satisfied by payment of the within notes; " and on the same day, two deeds passed to Benjamin Duren, under whom the defendants claimed title, one of quitclaim from Henry S. Jewett, and the other of warranty from the plaintiff, "reserving the right of flowage as now flowed by Ricker's dam, and reserving the yearly payments for flowage as I have heretofore received the same, and excepting the right and title of Henry S. Jewett in said premises, which has this day been purchased by said Duren."

The presiding justice ruled that the plaintiff had sufficient interest in the land to maintain the action, and that a parol agreement to pay the price sued for would be sufficient. The verdict

was for the plaintiff for $106.53; and the defendant alleged exceptions.

*S. S. Brown* with *E. O. Howard*, for the defendant, contended,

I. That, under the evidence, the plaintiff had no title to the land at the date of her deed to Duren; that Duren's title by Henry S. Jewett's quitclaim was complete without the conveyance of the plaintiff, and therefore there was nothing that could be reserved.

II. If she had any title, that after parting with it by her deed to Duren, it was immaterial to her whether there was much or little or any flowing or not; that there was no basis for the reservation to rest upon.

III. That the promise was within the statute of frauds.

*J. Wright*, for the plaintiff.

APPLETON, C. J. The plaintiff owning the Richardson farm, a part of which was overflowed by the Ricker dam, on April 13, 1872, conveyed the same to Benjamin Duren by deed " reserving the right of flowage as now flowed by Ricker's dam, and reserving the yearly payments as I have heretofore received them, and excepting the right and title of Henry S. Jewett in said premises, which has this day been purchased by said Duren."

As the land was flowed at the time of the above conveyance, the reservation of the right of flowage saved the grantor from liability on his covenants against incumbrance, in case Ricker had such right. *Hill* v. *Lord*, 48 Maine, 83, 95.

In *Sprague* v. *Snow*, 4 Pick. 54, the grantor, after describing a tract of land conveyed by his deed, but without having mentioned a stream included within the bounds, proceeded thus: " And it is to be understood, and it is the intention of this deed to convey to the grantee as much of the privilege of water as shall be sufficient for the use of a fulling mill, whenever there is a sufficiency therefor." It was held this was a reservation of the surplus water. In *Richardson* v. *Palmer*, 38 N. H. 212, 213, the plaintiff conveyed land, " reserving to the public the use of

the road through said farm; also reserving to the White Mountain Railroad the roadway for said road, as laid out by the county commissioners; and also reserving to myself the damages appraised for said railroad way by the commissioners and selectmen." It was there held that the land described passed to the grantee subject to the incumbrance of the public highway and of the White Mountain Railroad, but that the plaintiff retained his claim for unpaid damage awarded for the laying out of the railroad.

The evidence sh ows the defendant promised the plaintiff repeatedly to pay for the yearly flowage. The compensation for the flowage was reserved to the plaintiff in her deed to Duren. The defendant has had the benefit of it, and no satisfactory reason is shown why he should not perform his promise.

It is urged that Duren acquired a title to the Richardson farm from Henry S. Jewett, to whom this plaintiff had mortgaged the same. The deed from H. S. Jewett to Duren bears the same date as that from the plaintiff to him. But the title of H. S. Jewett was by mortgage, and the same was discharged when the conveyance was made from this plaintiff to Duren. It is obvious, therefore, that Duren's title is from the plaintiff, and that he holds under her deed and subject to its terms.

*Motion and exceptions overruled.*

DICKERSON, DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.